Roger EMBER, Appellant–Respondent,

v.

Teresa EMBER, Appellee–Petitioner.

No. 02A03–9904–CV–161.

Court of Appeals of Indiana.

Dec. 6, 1999.

Donald D. Doxsee, Fort Wayne, Attorney, for Appellant.

Stephen P. Rothberg, Fort Wayne, Indiana, Attorney for Appellee.

OPINION

SHARPNACK, Chief Judge

Roger Ember ("Husband") appeals the trial court's judgment in favor of his former wife, Teresa (Ember) Abbett ("Wife"), on his request for declaratory judgment. The trial court held that Wife's claim against him for nonpayment of child support was not barred by the Indiana statute of limitations. Husband raises three issues which we consolidate and restate as:

1) whether the trial court erred when it found that Indiana's twenty-year statute of repose applied to this action instead of the ten-year statute of limitations; and

2) whether the trial court erred when it held that the statute of limitations was tolled while Husband was out of the state of Indiana.

We affirm.[1]

The relevant facts follow. In 1967, the parties were divorced pursuant to a decree of the Allen County Superior Court ("Indiana trial court"). Wife was granted custody of the parties' minor children, S.E. and M.E., and Husband was ordered to pay child support to Wife. At some point after the Indiana trial court issued its decree, Husband moved to Florida, where he currently resides. In 1981, Wife obtained a judgment in the Indiana trial court against Husband for unpaid child support in the amount of $15,000.00. In 1982, the Indiana trial court held that S.E. was emancipated and adjusted Husband's support obligations accordingly. On Oct. 17, 1985, the Indiana trial court entered an order amending the judgment for the unpaid child support by raising the amount to $16,500. It also noted that the parties' other child, M.E., would be emancipated as of November 25, 1985, when he was sched-

---

1. Husband asserts that Wife has raised one issue on cross appeal, which is "[w]hether the Appellant's 'Proceeding to Declare Judgment Unenforceable by Separate Action' presents an actual and justiciable controversy." Appellant's Reply Brief, p. 1. However, a review of Appellee's Brief demonstrates that Wife is not appealing or challenging any aspect of the judgment below, but is instead presenting an alternate ground for affirming the trial court's judgment. Therefore, we will not address her argument as a cross appeal.

uled to enter military service, and held that Husband's child support obligations would abate on that date.

In early 1997, Wife filed suit in Husband's county of residence in Florida to enforce the Indiana judgment against Husband for nonpayment of child support.[2] The Florida trial court assigned the case to a general master for review. The general master issued two separate reports with recommendations. First, following a hearing, the general master recommended that the Indiana judgment against Husband be "domesticated" for review by Florida courts "pursuant to the Full Faith and Credit Clause of the United States Constitution." Record, p. 47. The general master explicitly reserved judgment on the question of whether the judgment should actually be enforced in Florida. The Florida trial court subsequently adopted the general master's report and recommendation on May 6, 1997.

Following a hearing and the submission of memoranda of law on the issue of whether the judgment against Husband should be enforced, the general master issued his second report and recommendation. The general master noted that under the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B(h)(3) (hereinafter "Child Support Act"), the court was required to apply the statute of limitations of the forum state or state that originally issued the order, depending upon which statute of limitations was longer. Since proceedings to enforce child support orders in Florida are not bound by a statute of limitations, the general master recommended that Florida law apply to the case. The general master also recommended that the trial court find that Husband had waived the affirmative defenses of statutory laches and the Indiana statute of limitations by failing to plead them. As a result, the general master concluded that Wife's judgment against Husband must be enforced by Florida. The Florida trial court adopted the general

master's report and recommendation on May 29, 1998. The Florida Court of Appeals affirmed the trial court's judgment without opinion on August 18, 1999.

On September 8, 1998, Husband filed a petition in the Indiana trial court asking it to declare that the Indiana statute of limitations barred Wife's action in Florida. Wife replied that Husband was estopped from challenging the Florida judgment, and therefore his declaratory action had to fail. Following the submission of memoranda of law and a hearing, the Indiana trial court denied Husband's petition to declare the judgment unenforceable and instead declared that Wife's judgment against Husband was still valid.

## I. Standard of Review

■ Pursuant to the Uniform Declaratory Judgment Act, declaratory orders, judgments and decrees have the force and effect of final judgments and are reviewed as any other order, judgment or decree. Ind.Code § 34–14–1–1; *see also Indiana Farmers Mut. Ins. Co. v. Ellison*, 679 N.E.2d 1378, 1380 (Ind.Ct.App.1997), *trans. denied*, 690 N.E.2d 1186. Here, the trial court entered findings of fact and conclusions of law on its own motion when it rendered the judgment. In reviewing the judgment, we first determine whether the evidence supports the findings, and then whether the findings support the judgment. *Ellison*, 679 N.E.2d at 1380. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* at 1381. The judgment will be reversed only when clearly erroneous, that is, when the judgment is unsupported by the findings of fact. *Id.* We consider only the evidence most favorable to the judgment and all reasonable inferences flowing therefrom. *Id.* We will not reweigh the evidence or assess the credibility of witnesses. *Id.* Where, as here, the trial court enters findings sua sponte, the specific findings control only as to the

**2.** Wife's complaint in the Florida trial court was not included in the record.

issues they cover, while a general judgment standard applies to any issue upon which the court has not specifically made a finding. *Id.* We may affirm a general judgment on any theory supported by the evidence introduced at trial. *Id.* However, before affirming on a legal theory supported by the findings but not espoused by the trial court, the reviewing court should be confident that its affirmance is consistent with all of the trial court's findings of fact and inferences drawn from the findings. *Mitchell v. Mitchell,* 695 N.E.2d 920, 924 (Ind.1998).

## II. Discussion

Husband seeks relief under the Uniform Declaratory Judgment Act, Ind.Code § 34–14–1–1 *et seq.* The Act provides that "[t]he purpose of this [Act] is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Ind.Code § 34–14–1–12. However, the act also provides that "[t]he court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Ind.Code § 34–14–1–6.

 The propriety of declaratory relief must be judged in light of whether the issue at hand is more properly resolved in another forum. *Madden v. Houck,* 403 N.E.2d 1133, 1134–1135 (Ind.Ct.App.1980). The declaratory judgment statute was intended to furnish an adequate and complete remedy where none before had existed. *Id.* at 1135. It should not be used where there is no necessity for such a judgment. *Id.* The declaratory judgment statute was not intended to eliminate well-known causes of action nor to substitute an appellate court for a tribunal of original jurisdiction, where the issues are ripe for litigation through the usual processes. *Volkswagenwerk v. Watson,* 181 Ind.App. 155, 159, 390 N.E.2d 1082, 1085 (1979).

The test to determine the propriety of declaratory relief is whether the issuance of a declaratory judgment will effectively solve the problem involved, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. *Boone County Area Plan Comm'n v. Kennedy,* 560 N.E.2d 692, 696 (Ind.Ct.App.1990), *trans. denied.* The determinative factor of this test is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy. *Volkswagenwerk,* 181 Ind.App. at 160, 390 N.E.2d at 1082.

 In this case, after Wife filed her action in Florida to enforce the Indiana judgment against Husband, the Florida trial court was required to decide whether the Indiana or Florida statute of limitations would apply to the case pursuant to the Child Support Act. *See* 28 U.S.C. § 1738(B)(h)(3). Husband argued in a memorandum of law that the Indiana statute of limitations had run out on Wife's claim and should act as a bar to the claim in any state, not just Indiana. However, the Florida general master found that Husband waived that argument because he failed to raise it in his first responsive pleading. Moreover, the Florida court chose to apply Florida law, not Indiana law, to the case, thereby rendering the issue of the Indiana statute of limitations irrelevant. As a result, Husband has filed the current action in Indiana in order to determine whether or not he is liable for the judgment under Indiana law due to the statute of limitations.

We hold that the trial court properly rejected Husband's claim for declaratory relief. Husband had an adequate and complete opportunity to litigate the issues he raises in Florida. Since Husband could have obtained the relief he sought in Florida, it is unnecessary to address his claims in an action for declaratory relief. *See Madden,* 403 N.E.2d at 1135–1136 (holding that declaratory relief was improper because the plaintiff could have filed a quo

warranto action to receive the desired remedy instead of a declaratory judgment action).

Furthermore, we cannot say that the grant of declaratory relief would efficiently resolve the parties' dispute and serve a useful purpose. Husband concedes that if the Indiana trial court had granted the declaratory relief he sought, he would have taken the declaratory decree back ·to the Florida trial court so that it could "act on the Indiana ruling...." Record, p. 143. As the Indiana trial court correctly noted, Husband's petition "is in reality an attempt to reopen the Florida case utilizing this Court's interpretation of Indiana law." Record, p. 148. Therefore, a ruling in Husband's favor would not have terminated the controversy giving rise to Husband's petition or resulted in a more expeditious determination of the parties' long-running dispute. See Ind.Code § 34–14–1–6; Volkswagenwerk, 181 Ind.App. at 162, 390 N.E.2d at 1086 (holding that declaratory relief was inappropriate because the dispute would spawn "piecemeal litigation" if the relief was granted).

Husband argues that section 8 of the Uniform Declaratory Judgments Act supports his claim for declaratory relief and his right to return to the Florida trial court to attack its judgment. That section provides, in relevant part: "[f]urther relief based upon a declaratory judgment or decree may be granted whenever necessary or proper." Ind.Code § 34–14–1–8. However, a plain reading of this section only demonstrates that a party receiving a declaratory decree may seek further relief in the proper circumstances. In this case, because the Indiana trial court properly denied Husband's request for declaratory relief, he is not in a position to seek further relief.

Because the Florida trial court provided Husband with a full and fair opportunity to litigate his claims, and granting his request for declaratory relief would merely prolong the dispute for no useful purpose, the Indiana trial court properly denied Husband's petition for declaratory relief.[3] See Volkswagenwerk, 181 Ind.App. at 162, 390 N.E.2d at 1086.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and MATTINGLY, J. concur.

---

3. In light of our disposition of the issues with respect to the declaratory judgment, we deem it unnecessary to address Husband's claims that the trial court erred in applying the twenty-year statute of repose instead of the statute of limitations and that the trial court erred in holding that the statute of limitations was tolled while Husband was out of the state of Indiana.