Donald KNOY, Appellant
(Defendant below),

v.

Joe W. and Janice CARY, Appellees
(Plaintiffs below).

No. 42S01–0401–CV–20.

Supreme Court of Indiana.

Aug. 25, 2004.

Eric D. Johnson, Indianapolis, IN, Attorney for Appellant.

Todd C. Barsumian, Evansville, IN, Attorney for Appellees.

BOEHM, Justice.

Joseph Cary was injured when a tractor driven by his coworker, Donald Knoy, malfunctioned during an after-hours community service project sponsored by his employer, Gemtron Corporation. We hold

that the Indiana Worker's Compensation Act covers this injury.

### Factual and Procedural Background

Cary and Knoy worked for Gemtron Corporation, a Vincennes manufacturer of tempered glass shelving for refrigerators and other appliances. Gemtron had a "customer oriented master plan," one of the goals of which was to "participate with applicable local environmental groups or activities." Seemingly in furtherance of this goal, Gemtron sponsored a cleanup project at a Vincennes city park. Notice of the project was posted on a company bulletin board inviting employees to participate. The company sought to publicize the event in the local newspaper and supplied participating employees with work gloves, food, and beverages. Knoy supplied a tractor for use in the project and Gemtron provided a chain for use with the tractor in removing debris from a riverbank. Cary was injured during the cleanup activity, and alleges his injury resulted from Knoy's negligent operation of the tractor.

Cary filed suit against Knoy in Knox Superior Court. Knoy moved to dismiss, arguing that the trial court lacked subject matter jurisdiction because Cary's exclusive remedy was under the Worker's Compensation Act. The trial court denied the motion but certified the order for interlocutory appeal, and the Court of Appeals affirmed. *Knoy v. Cary,* 794 N.E.2d 572, 578 (Ind.Ct.App.2003). This Court granted transfer. *Knoy v. Cary,* 812 N.E.2d 791 (Ind.2004).

### Injuries in the Course of Employer Sponsored Activities

■■■ The only issue presented in this appeal from denial of a motion to dismiss is whether Cary's claim is barred by the Worker's Compensation Act. That Act provides the exclusive remedy for injuries that "arise out of and in the course of" a person's employment. Ind.Code § 22-3-2-2 (1998). If the Act covers an injury, the courts have no jurisdiction to entertain common law claims against the employer or a fellow employee. *Id.* Cary's suit against Knoy therefore presents a question of subject matter jurisdiction. If the facts are disputed and the trial court conducted an evidentiary hearing and issued findings of fact, this Court will defer to findings of the trial court unless they are clearly erroneous. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). Here, however, the underlying facts are not disputed. The trial court found only that Cary's injury "did not arise out of and in the course of his employment with Gemtron Corporation" and that the court therefore had subject matter jurisdiction to hear his suit against Knoy. These are conclusions of law reviewed de novo.

■■■ An injury "arises out of" employment when a causal connection exists between the injuries sustained and the duties or services performed by the injured employee. *Milledge v. The Oaks,* 784 N.E.2d 926, 929 (Ind.2003) (citations omitted). A causal connection exists when a reasonable person would consider the injury to be the result of a risk incidental to employment or when there is a connection between employment and the injury. *Id.* An accident occurs "in the course of employment" when it occurs at the time and place of employment while an employee is fulfilling his employment duties. *Id.*

In the early days of worker's compensation, injuries sustained during after-hours work activities were generally not compensable. *See, e.g., Wagner v. Buescher Band Instrument Co.,* 125 Ind.App. 103, 107–08, 122 N.E.2d 618, 620 (1954); *Tom Joyce 7 Up Co. v. Layman,* 112 Ind.App. 369, 376, 44 N.E.2d 998, 1000 (1942). However, in *Noble v. Zimmerman,* 237 Ind. 556, 146

N.E.2d 828 (1957), this Court allowed recovery under the Worker's Compensation Act for an employee's death that occurred at an after-hours activity sponsored by his employer. The employer in *Noble* held a business meeting at his lakeside summer residence with the understanding that at the conclusion of the meeting, dinner would be provided and there would be an opportunity for the employees to enjoy swimming and boating. *Id.* at 558, 146 N.E.2d at 829. After the business meeting concluded, an employee was injured diving into the lake and subsequently died. In sustaining compensation for his death under the Worker's Compensation Act, this Court explained that injuries suffered while participating in after-hours recreational activities are usually not compensable because the injuries typically occur when the employee is not performing any duty related to his employment. *Id.* at 563–64, 146 N.E.2d at 831–32. The Court reasoned, however, that "in recent years it has become increasingly evident that employers are more and more utilizing recreational programs for their employees ... in aiding and promoting better business relations with persons in their employ." *Id.* 569–70, 146 N.E.2d at 834. The Court concluded that the employee's injury arose out of and in the course of his employment. *Id.* at 570, 146 N.E.2d at 835.

The Court of Appeals reached the same conclusion in a similar case, involving an injury during an after-hours party for the employees sponsored by the employer. *Ski World, Inc. v. Fife,* 489 N.E.2d 72, 73 (Ind.Ct.App.1986). The court reasoned that this Court's emphasis in *Noble* was not on whether attendance at the party was required, but on the nexus between the claimant's employment and the party. *Id.* at 75. The court pointed out that Ski World "encouraged and therefore presumably expected its employees to attend the party .... provided the food, the refresh-

ments, the entertainment and the recreational equipment .... and believed that holding such an event would be in its best business interests." *Id.* at 77. This was sufficient connection between the employer's business and the recreational activity to support coverage. *Id.*

As *Noble* explained, where the employer's interests in sponsoring an after-hours activity are not merely altruistic, but are also intended to improve the business, the activity may be incidental to employment. *Noble,* 571, 146 N.E.2d at 835. For example, the court in *Weldy v. Kline,* 616 N.E.2d 398, 405 (Ind.Ct.App.1993), held that when an employee was injured at an after-hours party intended to promote camaraderie among the employees and otherwise benefit the employer, the injury arose out of employment. Like the interest in generating goodwill among the employees, Gemtron's interest in fostering goodwill in the community was calculated to confer a business benefit. Even if Gemtron's motives in conceiving and implementing the project were largely altruistic and certainly laudable, it was also in Gemtron's business interest to involve itself in community projects. Gemtron did not require attendance at the cleanup and did not receive or expect a direct business benefit. Citing *Noble,* and *Ski World,* the Court of Appeals majority reasoned that for an after-hours activity to fall within the ambit of employment, participation must be mandatory and the employer must receive some direct business benefit from the activity. *Knoy v. Cary,* 794 N.E.2d 572, 576 (Ind.Ct.App.2003). We do not agree that mandatory attendance is required. Rather, we agree with Judge Friedlander, who noted in dissent that although the business meeting in *Noble* was mandatory, the swimming and boating activities after the meeting were not. *Id.* at 579, 146 N.E.2d 828. Similarly, in *Ski World,* attendance was voluntary, but encouraged. *Ski World,* 489 N.E.2d at 77. In this case,

attendance at the cleanup activity was not mandatory, but Gemtron encouraged it by posting notices of the project on employee bulletin boards and inviting employees to participate. Gemtron also provided tools and refreshments for the participants.

As Gemtron's efforts to publicize the cleanup demonstrate, an employer's public image is a significant business consideration. Gemtron's sponsorship of and participation in the project served its business interests by enhancing its image, fostering a good relationship with the local community, and team building among its employees. The reputation of a business as a good citizen of the community is important in obtaining and retaining employees as well as in customer relations and in some cases governmental relations. Finally, we certainly do not wish to discourage activities such as Gemtron's by adding to the cost. However, the effect of finding worker's compensation to cover such an activity is sometimes to the employer's benefit by denying a tort recovery and sometimes to its detriment by awarding worker's compensation benefits. The worker's compensation law is to be construed broadly. *Daugherty v. Indus. Contr. & Erecting,* 802 N.E.2d 912, 919 (Ind.2004) (citations omitted); *Milledge,* 784 N.E.2d at 933 (citations omitted); *Evans,* 491 N.E.2d at 971. If that construction is thought to inhibit corporate participation in charitable and community events unduly, that balance is one for the legislature to adjust.

### Conclusion

The judgment of the trial court is reversed. This case is remanded with instructions to dismiss the complaint.

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, JJ., concur.