# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JOHN C. TRIMBLE**
**SONIA C. DAS**
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
JASON YOUNG:

**MATTHEW M. GOLITKO**
Golitko & Daly, P.C.
Indianapolis, Indiana

FILED

Sep 04 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOOD'S GARDENS, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1201-PL-8 |
| | ) | |
| JASON YOUNG, CRAIG MEAD d/b/a/ | ) | |
| DISCOUNT TREE EXTRACTION a/k/a D & E | ) | |
| TREE EXTRACTION, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1008-PL-3192

**September 4, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Senior Judge**

Hood's Gardens, Inc. ("HG")[1] appeals the trial court's dismissal of its declaratory judgment action involving Craig Mead D/B/A Discount Tree Extraction a/k/a D & E Tree Extraction ("D & E")[2] and Jason Young ("Young").

We reverse and remand.

## ISSUE

> Whether the trial court erred in dismissing HG's declaratory judgment action, thus rendering HG's summary judgment motion moot.

## FACTS

HG is a wholesale greenhouse located in Noblesville that entered into an oral contract with D & E, whereby D & E would remove an oak tree for the stated price of $600, with D & E to clear and haul away the wood and debris. Shortly thereafter, D & E sent Dennis Wyant, a subcontractor, to cut the limbs from the tree. On or about October 6, 2009, Young arrived at the property and advised HG that Mead, D & E's owner, had sent him to remove the remainder of the tree, which stood between ten and fifteen feet high. While he was removing the tree on HG's premises, Young sustained severe injuries resulting in paraplegia. On or about October 27, 2009, an attorney representing Young made a demand that HG pay worker's compensation benefits to Young. HG

---

[1] We note that the complaint below and the Appellee's brief refer to the plaintiff as "Hood's Gardens," while the appellant's brief, reply brief, and appendix on appeal refer to the plaintiff as "Hoods Gardens."

[2] D & E did not file a brief in this appeal.

2

became aware that it might be exposed to payment of Young's worker's compensation benefits under Indiana Code section 22-3-2-14(b), a statute that provides the following:

> . . . [A]ny corporation . . . contracting for the performance of any work exceeding one thousand dollars ($1000) in value by a contractor subject to the compensation provisions of [the Worker's Compensation Act], without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with [worker's compensation insurance statutes] shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

On August 26, 2010, HG filed a complaint for declaratory judgment in the Hamilton County Superior Court. In its complaint, HG stated the following:

9. On or about October 6, 2009, [Young] and his helpers were removing the wood from [HG's property] when Young sustained personal injuries.

10. Pursuant to Ind. Code § 34-15-1-2, [HG] is a person interested in having determined a question of construction or validity under the statute, and to obtain a declaration of rights, status or other legal relationships under the statute.

* * * *

14. Upon information and belief, on October 6, 2009, [D & E] did not have in place a policy of worker's compensation insurance, nor had [D & E] been granted a certificate of exemption by the worker's compensation board.

15. [HG] has reason to believe that [Young] may file a worker's compensation claim against [D & E] for the injuries he sustained.

3

16.    To the extent [Young] may file a worker's compensation claim against [D & E], [Young] and [D & E] may seek to hold [HG] liable for the payment of worker's compensation benefits.

17.    [HG] has no duty to pay worker's compensation benefits on behalf of [Young] and is not liable for the injuries of [Young] under Ind. Code § 22-3-2-14 because the value of the work performed by [Young] did not exceed One Thousand Dollars ($,1000).

18.    [HG] has no duty to pay worker's compensation benefits on behalf of [Young] and is not liable for the injuries of [Young] under Ind. Code § 22-3-2-14 because the value of the work performed by [D & E] did not exceed One Thousand Dollars ($1000).

(App. 9-10).

On October 25, 2010, Young filed an answer to the complaint. D & E did not file a responsive pleading, and on April 6, 2011, the trial court issued an order of default judgment against D & E.

On June 20, 2011, almost a year after HG filed its complaint for declaratory judgment, Young filed an application for adjustment claim with the Indiana Worker's Compensation Board ("the Board"), naming D & E and HG as defendants. A single hearing member of the Board issued an order staying the proceedings pending resolution of HG's declaratory judgment action "as it pertains to those issues which are or may be outcome determinative to the present action." (HG's Ex. 1 at 2).

On July 29, 2011, HG filed a motion for summary judgment requesting that the trial court declare, as a matter of law, that there was no legal basis upon which HG could be found secondarily liable to pay worker's compensation benefits to or on behalf of

4

Young because the condition determining secondary liability—a contract exceeding $1000.00 in value—had not been met. Young timely filed a response to HG's summary judgment motion.

On September 28, 2011, Young filed an Indiana Trial Rule 12(B)(1) motion to dismiss the declaratory judgment action on the basis that the trial court did not have subject matter jurisdiction because the Board had exclusive jurisdiction to hear the issues raised by HG. In an affidavit attached to the motion to dismiss; Young averred that he was "working for" D & E when he was injured on HG's premises, that D & E was to keep the wood removed from the premises "[a]s part of [its] compensation"; and that the value of the wood removed from the premises "exceeded $400," thereby making the value of the contract to be at least $1,000. (App. 54).

After hearing argument on Young's motion to dismiss and HG's summary judgment motion, the trial court granted the motion to dismiss. The trial court made no explicit finding of facts, instead concluding that the location of Indiana Code section 22-3-2-14(b) in the Worker's Compensation Act deprived the trial court of its jurisdiction and placed exclusive jurisdiction with the Board. The trial court concluded that HG's summary judgment motion was moot.

## DECISION

HG contends that the trial court erred in granting Young's motion to dismiss for lack of subject matter jurisdiction. The standard of review for motions to dismiss for lack

5

of subject matter jurisdiction is dependent on what happened at the trial level. *Hatke v. Fiddler*, 868 N.E.2d 60, 63 (Ind. Ct. App. 2007). Here, where the trial court ruled on a paper record without conducting an evidentiary hearing, our standard of review is de novo. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001).

A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the trial court's power to act. *Curry v. D.A.L.L. Annointed*, *Inc.*, 966 N.E.2d 91, 95 (Ind. Ct. App. 2012), *trans. denied*. Actions taken by a court lacking jurisdiction are void. *Id*. The party challenging subject matter jurisdiction has the burden of establishing that jurisdiction does not exist. *Id*. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. *GKN*, 744 N.E.2d. In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id*.

Two legislative acts are at issue here. The first is the Worker's Compensation Act, which provides in Indiana Code section 22-3-1-2 that the Board shall administer "the worker's compensation law (IC 22-3-2 through IC 22-3-6)." Indiana Code section 22-3-1-3 grants and limits the authority of the Board, and it provides in part that the Board is authorized, among other things, to "hear, determine, and review all claims for compensation under IC 22-3-2 through IC 22-3-7." The "exclusivity provision" of the Act provides that the "rights and remedies granted to an employee subject to IC 22-3-2

6

through 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . ." Ind. Code § 22-3-2-6. It is this exclusivity provision which may deprive a trial court of its jurisdiction. *See Williams v. R.H. Marlin, Inc.*, 656 N.E.2d 1145, 1150 (Ind. Ct. App. 1995).

Here, although Indiana Code section 22-3-2-14(b) falls within the broad provisions of the Act, the specific issue arising from the statute does not pertain to the "rights and remedies granted to an employee" that are the subject of the Act's exclusivity provision. It is important to note that the exclusivity provision of the Act bars all other rights and remedies of the employee; it does not limit a trial court's jurisdiction to make a threshold determination about whether an employer is subject to the Act's rights and remedies provisions.

The second important act is the Uniform Declaratory Judgment Act, which is intended to furnish an adequate and complete remedy where none before had existed. *Ember v. Ember*, 720 N.E.2d 436, 439 (Ind. Ct. App. 1999) (citing *Madden v. Hauck*, 403 N.E.2d 1133, 1135 (Ind. Ct. App. 1980)). The test to determine the propriety of declaratory relief is whether the issuance of a declaratory judgment will effectively solve the problem involved, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient. *Boone County Area Plan Comm'n v. Kennedy*, 560 N.E.2d 692, 696 (Ind. Ct. App. 1990), *trans. denied*. The determinative factor of this test is whether the declaratory action will result in a just and more expeditious and

7

economical determination of the entire controversy. *Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.*, 751 N.E.2d 702, 708 (Ind. Ct. App. 2001).

Young made a demand for benefits less than thirty days after he sustained his injuries, yet he took no action against HG for nearly two years. Absent the Uniform Declaratory Judgment Act, HG had no legal remedy to have its contract with Mead construed to determine whether HG was at risk of liability. Further, HG had no expeditious remedy before the Board, which has not adopted Rules 12 or 56 of the Indiana Trial Rules.

Trial courts should exercise jurisdiction under the Declaratory Judgment Act where it serves as a more judicious and economical way of resolving a controversy. In the present case, the issuance of a declaratory judgment serves the useful purpose of determining whether the value of the contract between D & E and HG is a statutory basis for changing HG's legal status. Therefore, the Act is an appropriate vehicle for resolving the issue raised by HG in its complaint.

CONCLUSION

The exclusivity provisions of the Worker's Compensation Act did not give the Board exclusive jurisdiction to decide the simple contract construction issue raised in the trial court by HG. Accordingly, the trial court erred in granting Young's motion to dismiss for lack of jurisdiction and in deciding that HG's summary judgment motion was moot.

8

Reversed and remanded for further proceedings consistent with our opinion.

FRIEDLANDER, J., and BROWN, J., concur.