**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK W. BAEVERSTAD**
**ANDREW L. PALMISON**
Rothberg Logan & Warsco, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**M. CATHERINE FANELLO**
**TRACEY STEELE SCHAFER**
**LORIS ZAPPIA**
Anderson Agostino & Keller, P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WABASH COUNTY HOSPITAL FOUNDATION, )
INC. d/b/a WABASH COUNTY HOSPITAL and )
CAROLE RILEY, )
)
    Appellants-Defendants, )
)
         vs. )    No. 85A04-1306-CT-291
)
HAI LEE, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-1205-CT-424

**February 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellants-Defendants, Wabash County Hospital Foundation, Inc. (Hospital), and Carol Riley (Riley) (collectively, Appellants), appeal the trial court's grant of Appellee-Plaintiff's, Hai Lee, M.D. (Dr. Lee), motion to correct error, determining that Dr. Lee's injuries did not fall within the exclusive jurisdiction of the Indiana Worker's Compensation Act.

We affirm.

ISSUES

Appellants raise one issue on appeal, which we restate as the following two issues:

(1) Whether the trial court appropriately placed the burden of proof that Dr. Lee's injuries fell within the application of the Indiana Worker's Compensation Act on Appellants; and

(2) Whether the trial court acquired subject matter jurisdiction upon its finding that Dr. Lee's injuries did not fall within the exclusive jurisdiction of the Indiana Worker's Compensation Act.

FACTS AND PROCEDURAL HISTORY

Dr. Lee is an eighty-nine-year-old anesthesiologist, who had surgery privileges at the Hospital. In April of 2010, medical personnel at the Hospital initiated an investigation into Dr. Lee's ability to continue practicing anesthesiology based on some concerns raised by her co-workers. Dr. Lee was offered a leave of absence by the Hospital, which suspended her surgery privileges, while her fitness to practice medicine was evaluated.

2

On June 18, 2010, Riley, a nurse employed by the Hospital, received a phone call from an individual in Human Resources, advising her that Dr. Lee was in the recovery room area. As Riley approached the surgery area, she noticed Dr. Lee exit the physician's lounge and enter the surgery area. As Dr. Lee was checking her blood pressure, Riley accosted Dr. Lee, inquiring why she was there and asking her to leave. Riley reached out and touched Dr. Lee's left arm to physically remove her from the area. As a result, Dr. Lee's arm required arthroscopic repair. Subsequently, and that same day, the Hospital, by hand delivered mail, ordered Dr. Lee to remain off the Hospital's premises, citing her behavior as disruptive and unprofessional.

On May 16, 2012, Dr. Lee filed a complaint against Appellants seeking damages for injuries sustained as a result of Riley's assault or battery. On June 22, 2012, Appellants filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the complaint fell within the province of the Worker's Compensation Act. In response, Dr. Lee filed a motion for leave to file an amended complaint, which was granted by the trial court on July 16, 2012. In her amended complaint, Dr. Lee averred that she was seeking damages from Riley's assault and battery while she was an invitee of the Hospital. In addition, Dr. Lee complained that the Hospital is liable based on negligence, premises liability, and vicarious liability for the incident involving its employee, Riley.

On August 22, 2012, the trial court conducted a telephonic hearing on Appellants' motion to dismiss, as well as on Appellants' argument that the amended complaint should not relate back to the original complaint. The following day, the trial court found that the amended complaint related back to the original complaint; however, the trial court

requested the parties to brief the issue of the exclusivity of the Worker's Compensation Act. On December 3, 2012, the trial court summarily granted Appellants' motion to dismiss. On December 27, 2012, Dr. Lee filed a motion to correct error. On May 14, 2013, after an oral argument, the trial court issued an order, granting Dr. Lee's motion to correct error and vacating its prior order in Appellants' favor, thereby effectively reinstating Dr. Lee's cause. The trial court noted that "[i]n reviewing the prior ruling, the [c]ourt cannot conclude, on the record before the [c]ourt, that [Appellants] met [their] burden that [Dr. Lee's] injuries were within the exclusive jurisdiction of the Indiana Worker's Compensation Act." (Appellants' App. p. 167).

On June 13, 2013, the trial court granted Appellants' motion to certify the trial court's order for interlocutory appeal. On July 19, 2013, we accepted jurisdiction.

Additional facts will be provided as necessary.

DISCUSSION AND DECISION

The Appellants contend that the trial court erred in its determination that Dr. Lee's cause falls outside the application of the Worker's Compensation Act. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id*.

On appeal, the standard of review for an Indiana Trial Rule 12(B)(1) motion to dismiss is a function of what occurred in the trial court. *Id*. That is, the standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if

4

the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id*. Accordingly, where, as here, the facts before the trial court are in dispute and the trial court did not conduct an evidentiary hearing but ruled on a paper record, no deference is afforded to the trial court's factual findings or judgment because, under those circumstances, a court of review is "in as good a position as the trial court to determine whether the court has subject matter jurisdiction." *Id*. Thus, we review *de novo* a trial court's ruling on a motion to dismiss where the facts before the court are disputed and the trial court rules on the paper record. *Id*.

### I. *Burden of Proof*

Focusing on the trial court's order, which noted that the trial court could not conclude "that [Appellants] met [their] burden that [Dr. Lee's] injuries were within the exclusive jurisdiction of the Indiana Worker's Compensation Act," Appellants first contend that the trial court improperly shifted the burden to them to establish the applicability of the Worker's Compensation Act on Dr. Lee's claims. (Appellants' App. p. 167). Appellants claim instead that Dr. Lee had retained the burden because the allegations of her complaint demonstrated the existence of an employment relationship. .

Discussing the parties' burden of proof within the premise of Indiana's Worker's Compensation Act, our supreme court held in *GKN Co*.:

> When the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act. Hence, when challenging the trial court's jurisdiction, the employer bears the burden of proving that the employee's claim falls within the scope of the Act unless the employee's complaint demonstrates the existence of an employment relationship. Only

5

where the employee's complaint demonstrates the existence of an employment relationship does the burden then shift to the employee to show some ground for taking the case outside of the Act.

*Id.* at 404 (internal citations omitted).

Here, Dr. Lee filed her original complaint on May 16, 2012. On July 16, 2012, Dr. Lee amended her complaint, which the trial court deemed to relate back to the date of filing of the original complaint and which thus, effectively replaced the original complaint. In her amended complaint, Dr. Lee averred that "[o]n or about June 18, 2010, [Dr. Lee] was an employee of [the Hospital], but was on a leave of absence from her employment." (Appellants' App. p. 46). She also noted that "[o]n June 18, 2010, [Dr. Lee] was an invitee of [the Hospital]." (Appellants' App. p. 46). Thus, while Dr. Lee indicated that she was an employee at the Hospital and alluded to a possible employment relationship, at the same time, she also established grounds for taking the claim outside the realm of the Act by referencing her potential status of an invitee and her leave of absence from her employment. Accordingly, as Dr. Lee's amended complaint suggested injuries suffered outside the scope of the Act, the burden shifted back to Appellants, as challengers of the trial court's jurisdiction, to nonetheless demonstrate the applicability of the Worker's Compensation Act. Therefore, we cannot conclude that the trial court improperly placed the burden on Appellants.

## II. *Worker's Compensation Act*

Next Appellants contend that the trial court erred when it determined that Dr. Lee's cause fell outside the exclusive jurisdiction of Indiana's Worker's Compensation

Act. Specifically, Appellants maintain that as Dr. Lee's injury arose during the course of her employment at the hospital, the Act must be applied.

The Worker's Compensation Act provides the exclusive remedy for recovery of personal injuries or death by accident arising out of and in the course of employment. Ind. Code § 22-3-2-6. "If the Act covers an injury, the courts have no jurisdiction to entertain common law claims against the employer or fellow employee." *Knoy v. Cary*, 813 N.E.2d 1170, 1171 (Ind. 2004). For an injury to be compensable, the injury must both arise out of the employment and arise in the course of the employment. *Conway ex rel. Conway v. School City of East Chicago*, 734 N.E.2d 594, 598 (Ind. Ct. App. 2000). Under the Act, both requirements must be met before compensation is awarded, and neither alone is sufficient. *Id.*

An accident leading to injury occurs "in the course of" employment when it occurs at the time and place of employment while an employee is fulfilling his or her employment duties. *Knoy*, 813 N.E.2d at 1171. Turning to the facts before us, it is established that although she was still formally employed with the Hospital at the time of the injury, Dr. Lee was on a leave of absence with her surgery privileges suspended. While Riley affirms that Dr. Lee was "told not to be in the surgery area, including the recovery room," Marilyn J. Custer Mitchell (Mitchell), President/CEO of the Hospital, attested that "Dr. Lee was never told by [the Hospital] that she could not be on [the] premises while on a leave of absence until after the alleged incident giving rise to her lawsuit." (Appellants' App. pp. 158, 69). Even though the facts are contradictory with respect to Dr. Lee's presence on the Hospital's premises, it is nevertheless clear that she

7

was not fulfilling her employment duties as she had been placed on a leave of absence pending evaluation and her surgery privileges had been suspended.

An injury "arises out of" employment if there is a causal connection between the injuries sustained by the employee and the duties or services performed by the injured employee. *Knoy*, 813 N.E.2d at 1171. *Id.* That causal connection exists when a reasonable person would consider the injury to be the result of a risk incidental to employment or where there is a connection between the employment and the injury. *Id.* Typically, the risks incidental to employment fall into three categories: (1) risks distinctly associated with employment; (2) risks personal to the claimant; and (3) risks of neither distinctly employment nor distinctly personal in character. *Burdette v. Perlman-Rocque Co.*, 954 N.E.2d 925, 930 (Ind. Ct. App. 2011). Risks that fall within categories numbered one and three are generally covered under the Indiana Worker's Compensation Act. *Id.* However, risks personal to the claimant, those caused by a pre-existing illness or condition unrelated to employment, are not compensable. *Id.*

Here, Dr. Lee sustained her injuries while she was in the recovery area, checking her blood pressure. Riley stated that as she was trying to persuade Dr. Lee to leave the recovery area, she "reached out with [her] right arm and touched [Dr. Lee's] left arm, but she pulled the arm away from me[.]" (Appellants' App. p. 159). Dr. Lee mostly confirms Riley's statement, but also attested that "Riley grabbed and yanked my right arm repeatedly with great force." (Appellants' App. p. 81). At the time of the injury, Dr. Lee was not performing services for the Hospital or caring for patients, but was merely tending to her own health. As such, the injury is not incidental to her employment but

8

rather, a risk personal to her for which there is no recourse under the Indiana Worker's Compensation Act.[1]

Therefore, based on the facts before us, we conclude that Dr. Lee's injuries[2] did not arise out of the employment with the Hospital, nor were they inflicted during the course of her employment. As a result, the Indiana Worker's Compensation Act is not applicable, and the trial court acquired subject matter jurisdiction over Dr. Lee's cause.

## CONCLUSION

Based on the foregoing, we affirm the trial court's denial of Appellants' motion to dismiss for lack of subject matter jurisdiction.

Affirmed.

VAIDIK, C.J. concur

MAY, J. concurs in result with separate opinion

---

[1] Appellants also assert that because Riley and Dr. Lee were in the "same employ" Dr. Lee's separate claim against Riley is barred by the exclusivity provisions of the Act. (See Appellants' Br. pp. 20-21). The Worker's Compensation Act does not apply in a suit against a co-employee if it is established that the injury was not "by accident," that it did not "arise out of his employment," or that it did not "occur in the course of his employment." *Tippmann v. Hensler*, 716 N.E.2d 372, 375 (Ind. 1999). Furthermore, even if the Act applies, its exclusive remedy provision will not bar a common law suit against an employee who was not "in the same employ" as the plaintiff when the injury occurred. *Id.* Because we concluded that Dr. Lee's injury did not arise out of her employment or during the course of her employment, Dr. Lee can pursue a common law suit against Riley.

[2] Because we decide this case based on the fact that Dr. Lee's injuries did not arise during the course of her employment with the Hospital, we do not need to address Appellants' argument that Riley inflicted the injury by accident.

9

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WABASH COUNTY HOSPITAL FOUNDATION, INC. d/b/a WABASH COUNTY HOSPITAL and CAROLE RILEY, | ) ) ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 85A04-1306-CT-291 |
| | ) | |
| HAI LEE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

**MAY, Judge, concurring in result.**

I believe the trial court erred to the extent it placed on the Hospital the burden to prove Lee's injuries were within the exclusive jurisdiction of the Worker's Compensation Act. That burden should have remained with Lee, as her own complaint recited facts demonstrating the employment relationship and its role in the injuries alleged. However, I agree Lee's lawsuit can go forward because she established her injury did not arise out of, nor was it in the course of, her employment. I therefore concur in the result.

The majority correctly notes that when the plaintiff's own complaint recites facts demonstrating the employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Worker's Compensation Act. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1286

10

(Ind. 1994), *reh'g denied*. The majority acknowledges Lee "alluded" to a "possible"[3] employment relationship, (Slip op. at 6) (footnote added), but then determines she established grounds for taking her claim outside the Act in two ways: she referenced 1) "her potential status as an invitee" and 2) "her leave of absence from her employment." *Id.*

The majority does not explain why either allegation establishes grounds for taking Lee's complaint outside the Act. But if the reference to Lee's leave of absence is meant to suggest Lee was not employed by the Hospital at the time of her injury, I must disagree. I would decline to hold an individual may be placed on a leave of absence by an entity that is not her employer. The legal definition of "leave of absence" is "[a] worker's temporary absence from employment or duty with the intention to return." *Porter v. Bd. of Ret. of Orange Cnty. Employees' Ret. Sys.*, 165 Cal. Rptr. 3d 510, 515 (Cal. Ct. App. 2013) (quoting Black's Law Dict. 510 (9th ed. 2009)); *see also Lewis v. Unemployment Ins. Appeals Bd.* 128 Cal. Rptr. 795, 802 (Cal. App. Ct. 1976) ("'leave of absence' means that *the employee* is given permission to be absent from work for a certain time at the end of which *the employee* will return to his employment status") (emphasis added). Lee's reference to her leave of absence therefore confirms, and does not negate, her status as an employee of the Hospital. For purposes of placement of the initial burden of proof, it is not apparent why that allegation in her complaint establishes grounds for taking her claim outside the Worker's Compensation Act.

---

[3] The complaint stated "on or about [the date of the incident] Hai Lee was an employee of Wabash County Hospital." (App. at 46.)

Nor does Lee's reference to "her potential status as an invitee." (Slip op. at 6.) The majority offers no explanation and points to no authority to support the premise that a person's status as an "invitee" necessarily negates her status as an employee subject to the Act. I am aware of no such authority. Rather, some decisions indicate a person can be both. *See, e.g., Pleasant v. Mathias*, 145 S.E.2d 680, 682 (S.C. 1965) (Appellants assume [Pleasant] was only an invitee because his service was being gratuitously performed. Such fact does not mean that he was not an employee, with respect to the duties owed him."); *Tuminello v. Willis Knighton Med. Ctr.*, 597 So. 2d 1089, 1092 (La. Ct. App. 1992), *writ denied*, (Brown, J., dissenting) (noting situations where defendant might claim tort immunity under "circumstances when the invitee is also an employee")

Lee's complaint explicitly states she was an employee of the hospital on the date she "was assaulted and/or battered by Carole Riley, an employee of Wabash County Hospital." (App. at 46.) As those allegations in her complaint established both her employment relationship with the Hospital and its role in the she injuries alleged, *Perry,* 637 N.E.2d at 1286, the burden was on Lee to demonstrate some grounds for taking the claim outside the Worker's Compensation Act. *Id.*

While I believe the trial court erred to the extent it placed the burden of proof on the Hospital, I agree with the majority that the trial court's denial of the Hospital's motion to dismiss was not error. Lee's complaint was sufficient to allege her injuries did not arise out of her employment, nor were they incurred in the course of her employment. I accordingly concur in the result.