865 N.E.2d 625 (2007)
WAYNE TOWNSHIP, Marion County, Indiana, Appellant-Petitioner,
v.
INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE, and Martha Womacks, in her Official Capacity as the Marion County Auditor, Appellee-Respondent.
No. 29A05-0611-CV-661.
Court of Appeals of Indiana.
April 30, 2007.
*626 Stephen R. Buschmann, Thrasher Buschmann Griffith & Voelkel, Indianapolis, IN, for Appellant.
Steve Carter, Indiana Attorney General, John D. Snethen, Deputy Attorney General, Kevin S. Shepherd, Deputy Attorney General, Office of Attorney General, Indianapolis, IN, for Appellee, Indiana Department of Local Government Finance.
Ian L. Stewart, Office of Corporation Counsel, Indianapolis, IN, for Appellee, Martha Womacks, in her Official Capacity as the Marion County Auditor.

OPINION
BARNES, Judge.

Case Summary
Wayne Township, Marion County ("Wayne Township") appeals the trial court's entry of summary judgment in favor of the Department of Local Government Finance ("DLGF") and Martha Womacks, the Marion County Auditor. We reverse and remand.

Issue
The dispositive issue, which we must raise sua sponte, is whether the trial court had subject matter jurisdiction to rule on the merits of this matter.

*627 Facts
The relevant facts of this case, which are greatly simplified for purposes of this opinion, are that in 2000, Wayne Township moved from an all-volunteer fire department to a combination paid-volunteer department. Because of the increased cost associated with this move, Wayne Township incurred over $5 million in debt. Wayne Township sought to have this debt built into its tax base for purposes of receiving a larger share of Marion County's County Option Income Tax ("COIT"), pursuant to Indiana Code Section 6-3.5-6-18.5. Each Marion County civil unit's COIT share is calculated in part according to each unit's maximum permissible property tax levies, as determined under Indiana Code Chapter 6-1.1-18.5. The DLGF provides calculations to each county that has adopted a COIT for distributing fractional shares of the tax to each civil taxing unit in the county.
In August 2005, Womacks met with officials from Wayne Township and the DLGF. At that meeting, a DLGF official stated that when it calculated Wayne Township's maximum permissible property tax levy under Chapter 6-1.1-18.5, it was not going to include any amount for a fire protection levy. This would necessarily lessen Wayne Township's COIT share. Womacks stated that she makes COIT distributions based on the figures provided by the DLGF and will not change those distributions unless the DLGF changes its figures.
On September 15, 2005, Wayne Township filed in the Indiana Tax Court ("Tax Court") a "Verified Petition for Judicial Review of a Final Determination of the Department of Local Government Finance and for Declaratory Relief." App. p. 8. The petition challenged DLGF's calculation of Wayne Township's maximum permissible tax levy and also named Womacks as a party. The DLGF responded to this petition, in part, by claiming that the Tax Court lacked jurisdiction to consider the case. On November 16, 2005, pursuant to the stipulation of the parties, the Tax Court transferred the case to the Marion County Superior Courts. On January 24, 2006, again pursuant to the parties' stipulation, the case was transferred to Hamilton County Superior Court No. 3 ("the trial court"). On October 24, 2006, on cross-motions for summary judgment, the trial court entered summary judgment in favor of the DLGF and Womacks, holding that they had properly calculated Wayne Township's COIT distribution based on calculations provided by the DLGF. Wayne Township now appeals.

Analysis
This case, presents detailed questions concerning the operation of various tax laws under the Indiana Code. Facing such questions, we feel compelled to ask at the outset whether the trial court had subject matter jurisdiction over this case. Subject matter jurisdiction is the power of the court to hear and decide a particular class of cases. State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 480-81 (Ind.2003). A trial court must possess subject matter jurisdiction in order to enter a valid judgment in a case. City of Marion v. Howard, 832 N.E.2d 528, 531 (Ind.Ct.App.2005), trans. denied, cert. denied. The absence of subject matter jurisdiction cannot be waived, and it renders a judgment void. Id. Even if no party raises the issue on appeal, we have the duty to raise and determine the issue sua sponte if lack of subject matter jurisdiction in the original tribunal is apparent from the record. Id. Additionally, parties cannot confer subject matter jurisdiction on a court by consent or agreement. Id. Such jurisdiction can only be conferred by the Indiana Constitution or by statute. *628 Christensen v. Christensen, 752 N.E.2d 179, 182 (Ind.Ct.App.2001). Thus, in deciding whether the trial court possessed subject matter jurisdiction, it is irrelevant here that the parties stipulated to transferring this case from the Tax Court to the trial court.
Hamilton County Superior Courts have subject matter jurisdiction that is entirely concurrent with the Hamilton County Circuit Court. Ind.Code § 33-33-29-7. That jurisdiction, in turn, extends to "all civil cases and in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." I.C. § 33-28-1-2(a). The question in this case is whether exclusive subject matter jurisdiction in this case was conferred by law upon another court, namely the Tax Court.
"In an effort to channel tax disputes to a specialized tribunal, the Indiana Legislature created the Tax Court in 1986." State v. Sproles, 672 N.E.2d 1353, 1356 (Ind.1996). The recognized policy underlying creation of the Tax Court was to consolidate tax-related litigation in one court of expertise. Id. at 1357. There are two general prerequisites to the Tax Court acquiring exclusive subject matter jurisdiction over a case. See id. at 1356. First, the case must "arise under the tax laws of this state. . . ." I.C. § 3-26-3-1. "The Legislature intended that all challenges to the tax lawsregardless of the legal theory relied onbe tried in the Tax Court." Sproles, 672 N.E.2d at 1357.
For purposes of exclusive Tax Court jurisdiction, a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection. Id. We think there is no question here that this case "arises under" the tax laws of this state. Although this case is somewhat different from many tax cases in that it involves warring governmental entities rather than a taxpayer versus the government, the case certainly "principally involves" Wayne Township's attempt to collect a tax, namely what it believes to be its fair share of Marion County's COIT based on its claim that the DLGF inaccurately calculated Wayne Township's maximum permissible property tax levy.
The second requirement for Tax Court jurisdiction is that there be a "final determination" made by a relevant agency. I.C. § 33-26-3-1. A "final determination" for purposes of Tax Court jurisdiction is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process. Ispat Inland, 784 N.E.2d at 481. This "final determination" requirement essentially amounts to the principle, basic to all administrative law, that a party seeking judicial relief from agency action generally must first establish that all administrative remedies have been exhausted. See id., 784 N.E.2d at 482. It is clear, however, that a party cannot circumvent the "final determination" requirement basis for the Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court. See Sproles, 672 N.E.2d at 1358. "Failure to exhaust administrative remedies is a defect in subject matter jurisdiction." State ex rel. Att'y Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1247 (Ind.2005), cert. denied. Thus, the lack of a "final determination" by a tax-related agency, which is equivalent to a failure to exhaust administrative remedies, only acts to deprive the Tax Court of subject matter jurisdiction to consider the case; it does not mean that a trial court, therefore, has subject matter jurisdiction to consider the *629 merits of the case.[1] Such a result would frustrate both the exhaustion of remedies requirement and the clear legislative intent that the Tax Court should consider all tax-related judicial appeals.
The relevant agencies that currently are named in Indiana Code Section 33-26-3-1, whose "final determinations" must be reviewed initially by the Tax Court and no other court, are the Department of State Revenue and the Indiana Board of Tax Review. The DLGF is not now expressly listed in the statute as an agency whose "final determinations" must be reviewed by the Tax Court. However, at the time of the DLGF's creation in 2002, and the simultaneous creation of the Indiana Board of Tax Review and abolishment of the State Board of Tax Commissioners, the Legislature stated:
Notwithstanding IC 33-3-5-2, as amended by this act, the tax court has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal initiated after December 31, 2001, of a final determination made by the department of local government finance if the following apply:
(1) The tax court would have had jurisdiction over the case if the appeal had been initiated before January 1, 2002.
(2) This act does not provide that the final determination is subject to appeal to the Indiana board of tax review.
P.L. 198-2001 § 116. At this time Indiana Code Section 33-3-5-2 contained the statement of the Tax Court's jurisdiction that is now found in Section 33-26-6-2. When creating the Board of Tax Review, the Legislature gave it express authority to review decisions of the DLGF under the following statutes: Indiana Code Chapter 6-1.1-8 (concerning public utility taxation); Indiana Code Section 6-1.1-14-11 (concerning personal property taxation); Indiana Code Chapter 6-1.1-16 (also concerning personal property taxation); Indiana Code Section 6-1.1-26-2 (concerning property tax refunds); and Indiana Code Section 6-1.1-45-6.[2] I.C. § 6-1.5-5-1(a). The type of determination the DLGF made here is not among those listed as one that must or can be appealed to the Board of Tax Review.
Following the creation of the DLGF, the Tax Court enacted rules referring to it, including the following:
An original tax appeal is an action that arises under the tax laws of the State of Indiana by which an initial judicial appeal of a final determination of the Department of State Revenue, the Indiana Board of Tax Review, or the Department of Local Government Finance is sought.
Ind. Tax Court Rule 2(B). Tax Court Rule 13 states, "The Tax Court has exclusive statewide jurisdiction over all original *630 tax appeals, and venue of all original tax appeals shall lie only in the Tax Court."
In 2004, the Legislature recodified Title 33. As part of the recodification, the Legislature stated in part,
The purpose of the recodification act of the 2004 regular session of the general assembly is to recodify prior law in a style that is clear, concise, and easy to interpret and apply. Except to the extent that:
(1) the recodification act of the 2004 regular session of the general assembly is amended to reflect the changes made in a provision of another bill that adds to, amends, or repeals a provision in the recodification act of the 2004 regular session of the general assembly; or
(2) the minutes of meetings of the code revision commission during 2003 expressly indicate a different purpose;
the substantive operation and effect of the prior law continue uninterrupted as if the recodification act of the 2004 regular session of the general assembly had not been enacted.
I.C. § 33-22-1-2. Having obtained and reviewed the minutes of the Code Revision Commission's 2003 meetings, we found no reference to any intention to exclude final determinations of the DLGF from the Tax Court's exclusive subject matter jurisdiction, which jurisdiction clearly existed under pre-existing law. We also see no basis under subsection (1) of Section 33-22-1-2 for divesting the Tax Court of exclusive jurisdiction over final determinations of the DLGF.
Additionally, as part of the 2004 recodification, the Legislature stated, "Rules adopted under the prior law continue in effect after June 30, 2004, until the rules are amended, repealed, or suspended." I.C. § 33-22-1-8(b). Therefore, Tax Court Rules 2(B) and 13, which we quoted above and remained unchanged after the 2004 recodification, are still in effect. Clearly, the Tax Court has believed and still believes that it has exclusive jurisdiction to consider appeals from final determinations of the DLGF, at least where an initial appeal to the Board of Tax Review is not available by statute.
In addition to the general proposition that the Tax Court ought to have exclusive subject matter jurisdiction to review final determinations of the DLGF, Indiana Code Section 33-26-3-2 states that the Tax Court has "any other jurisdiction conferred by statute. . . ." It is true that here, a decision of the DLGF is not what is being directly challenged; it is Womacks's decision regarding Wayne Township's COIT distribution. It is also true that the COIT statutes do not explicitly provide an appeal mechanism. However, Womacks has asserted throughout the litigation in this case that she calculates COIT distributions for Marion County civil units strictly based upon figures provided by the DLGF, pursuant to Indiana Code Section 6-3.5-6-18(f). In particular, Indiana Code Section 6-3.5-6-18.5(b)(3) requires consideration of "the maximum permissible property tax levy under IC 6-1.1-18.5, IC 12-19-7, and IC 12-19-7.5 for each civil taxing unit" in calculating each Marion County unit's COIT share. The dispute in this case focuses upon DLGF's calculation of Wayne Township's maximum permissible property tax levy under Indiana Code Chapter 6-1.1-18.5.
That chapter of the Indiana Code concerns property tax limits and exceptions to those limits as recommended by the Local Government Tax Control Board, which recommendation the DLGF then must adopt, reject, or adopt in part and reject in part. I.C. § 6-1.1-18.5-15(a). Furthermore,

*631 A civil taxing unit may petition for judicial review of the final determination of the department of local government finance under subsection (a). The action must be taken to the tax court under IC 6-1.1-15 in the same manner that an action is taken to appeal a final determination of the Indiana board. . . .
I.C. § 6-1.1-18.5-15(b) (emphasis added). Thus, if this case was a direct challenge to a DLGF determination under Chapter 6-1.1-18.5-15, it is clear that the Tax Court would have exclusive subject matter jurisdiction. We see no reason why the Tax Court should not have exclusive subject matter jurisdiction over this case, simply because it technically arises from a dispute over a COIT distribution, where the underlying factor in that dispute is the DLGF's calculation of Wayne Township's maximum permissible property tax levy under I.C. 6-1.1-18.5-15. That chapter clearly provides that any appeal from a DLGF determination under that chapter must be taken to the Tax Court. In sum, the Legislature delegated to the DLGF the authority to make final determinations regarding the maximum permissible tax levies for townships. It also provided that such determinations may be appealed, but only to the Tax Court (with the possibility of further appeal to the Indiana Supreme Court).
We also note that despite the absence of an explicit appeal mechanism under the COIT statutes, the Indiana Constitution provides a right to judicial review of final administrative decisions, which right also belongs to local units of government. See State ex rel. State Bd. of Tax Comm'rs v. Marion Superior Court, Civil Division, Room No. 5, 271 Ind. 374, 378, 392 N.E.2d 1161, 1165 (1979) (holding, in case predating establishment of Tax Court, that Lake County had right to trial court judicial review of a final determination of the State Board of Tax Commissioners). Given the nature of the questions presented in this case and that the Tax Court clearly would have had exclusive subject matter jurisdiction if this case had arisen in a slightly different contexti.e., a direct appeal from a DLGF final determination regarding a civil taxing unit's maximum permissible property tax levywe conclude the Tax Court is the proper forum for this dispute. To hold otherwise would frustrate the clear legislative intent that all tax litigation in this state be channeled to the Tax Court. That court was created specifically to resolve disputes, just like this one, that concern the Indiana tax laws and their application by a state agency charged with implementing those laws.
We further note that this court, like the trial courts of this state, lacks subject matter jurisdiction to consider cases that fall within the Tax Court's exclusive jurisdiction. Decisions of the Tax Court must be appealed, if at all, directly to the Indiana Supreme Court. See I.C. § 33-26-6-7(d); Ind. Appellate Rule 63(A). Thus, we do not have the luxury of considering the merits of the dispute here despite the trial court's lack of subject matter jurisdiction, although our Supreme Court can do so even if trial court jurisdiction was lacking. See State ex rel. Att'y Gen. v. Lake Superior Court, 820 N.E.2d at 1247. We conclude this case must be transferred back to the Tax Court.
The Tax Court transferred this case and the trial court ruled on it because of the parties' joint request that the trial court consider the case. But the fact remains that parties to a case cannot, by mutual consent, confer subject matter jurisdiction upon a tribunal when the law otherwise does not confer such jurisdiction. See Christensen, 752 N.E.2d at 182. Because the trial court lacked subject matter jurisdiction in this case, its entry of summary *632 judgment in favor of DLGF and Womacks is void.

Conclusion
We reverse the judgment in favor of the DLGF and Womacks and remand with instructions that this case be transferred back to the Tax Court for further consideration.
Reversed and remanded.
BAILEY, J., and VAIDIK, J., concur.
NOTES
[1] A court of general jurisdiction would have jurisdiction, to the exclusion of the Tax Court, to the extent of entering a mandamus order directing a tax-related agency to act where it has failed to do so, that is, where the failure to act has prevented the entry of a "final determination" by the agency. See State Bd. of Tax Comm'rs v. Mixmill Mfg. Co., 702 N.E.2d 701, 706 (Ind.1998). That jurisdiction, however, would not extend to directing "any portended result of that action." Id. at 704. That is, if there is not a final determination neither the Tax Court nor a court of general jurisdiction could consider the merits of a case; the general jurisdiction court, however, could compel the agency to act and enter a final determination, the merits of which would then be reviewed by the Tax Court.
[2] This appears to be a mistake in the statute. Indiana Code Section 6-1.1-45-6 contains a definition of "enterprise zone property" and nothing else. It is unclear what the Legislature meant to refer to here.