**WAYNE TOWNSHIP, Marion County, Indiana, Appellant–Petitioner,**

v.

**INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE, and Martha Womacks, in her Official Capacity as the Marion County Auditor, Appellee–Respondent.**

No. 29A05–0611–CV–661.

Court of Appeals of Indiana.

July 13, 2007.

Stephen R. Buschmann, Thrasher Buschmann Griffith & Voelkel, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Indiana Attorney General, John D. Snethen, Deputy Attorney General, Kevin S. Shepherd, Deputy Attorney General, Office of Attorney General, Indianapolis, IN, Attorney for Appellee, Indiana Department of Local Government Finance.

Ian L. Stewart, Office of Corporation Counsel, Indianapolis, IN, Attorney for Appellee, Martha Womacks, in her Official Capacity as the Marion County Auditor.

## OPINION ON REHEARING

BARNES, Judge.

The Department of Local Government Finance ("DLGF") petitions for rehearing following our decision in *Wayne Township v. Department of Local Government Finance*, 865 N.E.2d 625 (Ind.Ct.App.2007).[1] We grant rehearing to clarify some of our analysis and to alter our ultimate disposition of the case.

To reiterate, this dispute concerns Wayne Township, Marion County's attempt to collect a higher share of Marion County's County Option Income Tax ("COIT"). "Each Marion County civil unit's COIT share is calculated in part according to each unit's maximum permissible property tax levies, as determined under Indiana Code Chapter 6–1.1–18.5." *Wayne Township*, 865 N.E.2d at 627. Martha Womacks, the Marion County Auditor, calculated Wayne Township's COIT share based strictly upon calculations provided by the DLGF; she does not change COIT distribution amounts unless the DLGF changes its calculations. *Id.* Wayne Township originally filed suit against the DLGF and Womacks in the Indiana Tax Court, challenging the DLGF's property tax levy calculation as used to determine Wayne Township's COIT share. Pursuant to the parties' stip-

ulation, the case was transferred to the Marion County Superior Courts, and again pursuant to the parties' stipulation was transferred to Hamilton County Superior Court No. 3 ("the trial court"). That court ruled on the merits of the case and granted summary judgment in favor of the DLGF and Womacks.

■ On appeal, we questioned sua sponte whether either the trial court or this court had subject matter jurisdiction to rule on the merits of the action. We stated:

> For purposes of exclusive Tax Court jurisdiction, a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection. We think there is no question here that this case "arises under" the tax laws of this state. Although this case is somewhat different from many tax cases in that it involves warring governmental entities rather than a taxpayer versus the government, the case certainly "principally involves" Wayne Township's attempt to collect a tax, namely what it believes to be its fair share of Marion County's COIT based on its claim that the DLGF inaccurately calculated Wayne Township's maximum permissible property tax levy.

*Id.* at 628 (citation omitted). We adhere fully to this holding and reject the DLGF's contention that this case "does not arise under the tax laws of Indiana." Petition for Rehearing p. 8.

■ The DLGF also argues that its certification to Womacks of Wayne Township's maximum permissible property tax levy for purposes of Wayne Township's distributive share of Marion County's

---

**1.** Neither Wayne Township nor Marion County Auditor Martha Womacks have sought re-

hearing or responded to the DLGF's rehearing petition.

COIT did not constitute a "final determination," and therefore, the trial court rather than the Tax Court had subject matter jurisdiction in this case. In our original opinion, we said:

> [T]he lack of a "final determination" by a tax-related agency, which is equivalent to a failure to exhaust administrative remedies, only acts to deprive the Tax Court of subject matter jurisdiction to consider the case; it does not mean that a trial court, therefore, has subject matter jurisdiction to consider the merits of the case.

*Wayne Township*, 865 N.E.2d at 628. Thus, whether or not there is a "final determination" here by the DLGF, this case does not belong in a court of general jurisdiction. It might not belong in the Tax Court, either, if there is not a "final determination." We fully adhere to our original holding that the Tax Court, as a general proposition, has subject matter jurisdiction over "final determinations" of the DLGF to the exclusion of courts of general jurisdiction. *See id.* at 630. Additionally, we clarify that general jurisdiction courts have no jurisdiction over determinations of the DLGF, either final or non-final determinations.[2]

In our original opinion, we also included language indicating our belief that the Tax Court necessarily has subject matter jurisdiction over this case and there was an appealable "final determination" by the DLGF. We stated in part:

> [I]f this case was a direct challenge to a DLGF determination under Chapter 6–

1.1–18.5–15, it is clear that the Tax Court would have exclusive subject matter jurisdiction. We see no reason why the Tax Court should not have exclusive subject matter jurisdiction over this case, simply because it technically arises from a dispute over a COIT distribution, where the underlying factor in that dispute is the DLGF's calculation of Wayne Township's maximum permissible property tax levy under I.C. 6–1.1–18.5–15. . . .
>
> Given the nature of the questions presented in this case and that the Tax Court clearly would have had exclusive subject matter jurisdiction if this case had arisen in a slightly different context-i.e., a direct appeal from a DLGF final determination regarding a civil taxing unit's maximum permissible property tax levy-we conclude the Tax Court is the proper forum for this dispute. . . .
>
> We conclude this case must be transferred back to the Tax Court.

*Id.* at 631.

The DLGF argues that we lack the authority to transfer this case back to the Tax Court and effectively mandate that it consider the merits of this case. We agree with the DLGF on this point. The Tax Court, with its greater expertise concerning Indiana tax statutes, may reach a different conclusion from us regarding whether the DLGF's certification of Wayne Township's maximum permissible property tax levy for purposes of COIT distribution was an appealable "final determination." In other words, the language

---

**2.** The DLGF cites *BP Products North America Inc. v. Department of Local Government Finance*, 774 N.E.2d 122 (Ind.Tax.Ct.2002), *trans. denied*, for the proposition that its determination in this case was not a "final determination" for purposes of Tax Court subject matter jurisdiction. We express no opinion as to whether that case is distinguishable from the present case. We do note, however, that the Tax Court's ruling in that case was that it lacked subject matter jurisdiction because BP had failed to exhaust administrative remedies. *BP Products*, 774 N.E.2d at 128–29. The opinion in no way held or even suggested that a trial court would have subject matter jurisdiction in the case *instead of* the Tax Court.

in our original opinion indicating our belief that there is an appealable, final DLGF determination in this case is dicta, which was not necessary to our holding that the trial court and this court necessarily lacked subject matter jurisdiction.

We adhere to our original holding that the trial court's entry of summary judgment in this case is void for lack of subject matter jurisdiction. *See id.* at 631–32. However, we alter the ultimate disposition ordered in our original opinion, namely transfer of the case back to the Tax Court. Instead, we direct that the action in the trial court be dismissed for lack of subject matter jurisdiction.[3] *See Hecht v. State,* 853 N.E.2d 1007, 1013 (Ind.Ct.App.2006), *trans. denied* (ordering dismissal of trial court action in case concerning a tax refund and plaintiff had failed to exhaust administrative remedies).

We reverse the grant of summary judgment in favor of the DLGF and Womacks and remand to the trial court with instructions to dismiss the case.

BAILEY, J., and VAIDIK, J., concur.

---

**3.** The DLGF also contends that subject matter jurisdiction might exist in the trial court under Indiana Code Section 36–4–4–5. That statute permits lawsuits where "uncertainty exists or a dispute arises concerning the executive or legislative nature of a power or duty exercised or proposed to be exercised by a branch, officer, department, or agency of the government of a municipality...." Ind.Code § 36–4–4–5(a). The relief available under that statute is a court order "affix[ing] the responsibility for the exercise of the power or the performance of the duty, unless it determines that the power or duty does not exist." I.C. § 36–4–4–5(c). Here, there is no question that Womacks, an officer of a municipality, was performing the duty required of her with respect to COIT distributions. This case does not concern a complete failure to act by a government actor, or action by the wrong government actor, or the exercise of a power or duty that does not exist. The dispute in this case concerns property tax calculations of the DLGF used by Womacks in making the COIT distributions. We conclude Section 36–4–4–5 does not apply here.