

**FILED**

Aug 10 2017, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James Patrick Fenton
Timothy Allen Manges
Eilbacher Fletcher, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Thomas Alan Hardin
Shine & Hardin, LLP
Fort Wayne, Indiana

Thomas Franklin Bedsole
Emily K. Cremeans
Margaret Lee Smith
Frost Brown Todd, LLC
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

City of Fort Wayne,

*Appellant-Plaintiff,*

v.

Southwest Allen County Fire
Protection District and Tera K.
Klutz, in her official capacity as
Auditor of Allen County,
Indiana,

*Appellees-Defendants.*

August 10, 2017

Court of Appeals Case No.
02A05-1612-PL-2883

Appeal from the Allen Superior
Court

The Honorable Craig J. Bobay,
Judge

Trial Court Cause No.
02D02-1605-PL-231

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, the City of Fort Wayne (City), appeals the trial court's dismissal of its Complaint for Declaratory Relief against Appellees-Defendants, the Southwest Allen County Fire Protection District (SWFD) and Tera K. Klutz,[1] in her official capacity as Auditor of Allen County, Indiana (Auditor), for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1).[2]

We reverse and remand.

# ISSUE

The City raises one issue for our review, which we restate as: Whether the trial court committed reversible error by dismissing the City's claim for lack of subject matter jurisdiction pursuant to Ind. T.R. 12(B)(1).

# FACTS AND PROCEDURAL HISTORY

The SWFD is a fire protection district created in 1986 pursuant to state law. Beginning in December of 1987, the City effected a series of fifteen annexations of territory, formerly located within the SWFD. The first of these annexations took effect in December 1987, with the most recent being on January 1, 2006. Following the effective date of these annexations, the Fort Wayne Fire

---

[1] On May 3, 2017, the Auditor filed a notice of substitution of party, notifying this court that the current auditor of Allen County is Nicholas D. Jordan.

[2] We conducted oral argument in this cause on June 12, 2017, at the Court of Appeals' Courtroom in Indianapolis, Indiana. We thank counsel of both parties for their thoughtful and excellent advocacy.

Department (FWFD) provided fire protection services to the areas within the annexed territories (Annexed Territories) that formerly were serviced by the SWFD. Subsequent to the annexations, neither the City, FWFD, or the FWFD Pension Fund received distributions of property tax revenue relating to the fire protection services from the Annexed Territories; rather, the Auditor continued to make these distributions to the SWFD.

[5] By letter dated August 27, 2014, the City notified SWFD and the Auditor that pursuant to Indiana's annexation statutes—enacted in Ind. Code §§ 36-8-11-16; -22—once the areas that were part of the SWFD were annexed by the City, and once the City began providing fire protection services to the Annexed Territories, the Annexed Territories were no longer part of the SWFD and the property tax revenues derived from these Annexed Territories should have been redirected to the applicable City fire protection funds.

[6] Each year, the Department of Local Government Finance (DLGF) prepares a document, titled the 1782 Notice,[3] and sends it to the City. The 1782 Notice is based on assessed values information provided by the Auditor. This information submitted by the Auditor includes an allocation of the values to be directed, among others, to specific City or SWFD funds. The Auditor provides the total valuation of the Annexed Territories to the DLGF, based upon an understanding, rooted in an Unofficial Indiana Attorney General Advisory

---

[3] The 1782 Notice is the notice of final budget recommendations pursuant to I.C. § 6-1.1-17-16(d).

Letter of July 6, 1988, that advised that the SWFD was grandfathered. Specifically, this Unofficial Letter advised that the annexing municipality cannot tax the annexed area within the fire protection district for fire protection services in order to avoid the risk of double taxation. Accordingly, the Auditor calculates the total assessed value of land within the boundaries of the SWFD, including the assessments of the Annexed Territories. The Auditor does not include the Annexed Territories now serviced by the FWFD in the calculation of the total attributable to the City and the FWFD.

[7] On May 11, 2016, the City filed its Complaint for Declaratory and Other Relief against SWFD and the Auditor, seeking a declaration that the City is entitled to receive the property tax revenues of the Annexed Territories. On July 27, 2016, the Auditor filed her Motion to dismiss Plaintiff's Request, arguing that the trial court did not have subject matter jurisdiction over the City's claim because the City had failed to exhaust the administrative remedies available to it. On August 8, 2016, the Auditor filed a complementary motion to dismiss, in which the Auditor sought a complete dismissal of the City's Complaint based on a lack of subject matter jurisdiction because the claims asserted fell within the exclusive jurisdiction of the Indiana Tax Court. The SWFD joined in the Auditor's motions. On October 30, 2016, following a hearing, the trial court issued its Order, granting the Auditor's and SWFD's motions to dismiss.

[8] The City now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[9] "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings then before the court belong." *B.R. ex rel. Todd v. State*, 1 N.E.3d 708, 712 (Ind. Ct. App. 2013), *trans. denied*. As such, "[a] motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Curry v. D.A.L.L. Anointed, Inc.*, 966 N.E.2d 91, 95 (Ind. Ct. App. 2012), *trans. denied*. Actions taken by a court lacking subject matter jurisdiction are void. *Id.* The party challenging the subject matter jurisdiction has the burden of establishing that jurisdiction does not exist. *Hood's Garden v. Young*, 976 N.E.2d 80, 83 (Ind. Ct. App. 2012).

[10] In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id*. Our standard of review is dependent "on what happened in the trial court." *Id*. at 401. When, as here, "the facts before the trial court are not in dispute, then the question of subject matter is purely one of law." *Id*. Under those circumstances no deference is afforded to the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. *Bader v. Johnson*, 732

N.E.2d 1212, 1216 (Ind. 2000). Thus, we review *de novo* a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed. *Id*.

## II. *Exclusive Jurisdiction*

[11] The Allen Superior Court has "original and concurrent jurisdiction in all civil cases and in all criminal cases." Ind. Code § 33-29-1-1.5. In 1986, the General Assembly created the Indiana Tax Court to channel tax disputes into a single specialized tribunal, thereby ensuring the uniform interpretation and application of the tax laws. *State ex. rel. Ind. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1247 (Ind. 2005), *reh'g denied*, *cert. denied*, 546 U.S. 927 (2005). As such, the tax court has exclusive subject matter jurisdiction over "original tax appeals." I.C. §§ 33-26-3-1; -3. Accordingly, if the tax court has jurisdiction over this case, then the trial court does not.

[12] Though exclusive, the tax court's jurisdiction is limited to "original tax appeals." I.C. § 33-26-3-3. An original tax appeal is a case that arises under tax laws and it must be an initial appeal of a final determination of a state revenue agency. *Id*. A case arises under the tax laws if (1) "an Indiana tax statute creates the right of action," or (2) "the case principally involves collection of a tax or defenses to that collection." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996). Our supreme court has construed the tax court's jurisdictional mandate broadly, so as to ensure a "single authoritative voice on state tax matters." *State ex rel. Zoeller v. Aisin USA Mfg., Inc*. 946 N.E.2d 1148, 1153 (Ind. 2011), *reh'g*

*denied*; *Garwood v. State*, 77 N.E.3d 204, 215 (Ind. Ct. App. 2017). For example, any case challenging the collection of a tax or assessment arises under the tax laws, whether the challenge is premised on constitutional, statutory, or other grounds. *State v. Costa*, 732 N.E.2d 1224, 1224-25 (Ind. 2000). And the challenge need not be to the collection directly—challenges to earlier steps in the taxation or assessment process will also be characterized as arising under the tax laws. *See, e.g., Lake Superior Court*, 820 N.E.2d at 1247 (challenging reassessment of property valuations on which property-tax calculation would be based). In sum, a case principally involves a tax collection or the defenses thereto if the taxpayer contests or challenges tax liability imposed on her by the tax laws. *Garwood*, 77 N.E.3d at 205.

[13] Relying upon the annexation statute, as enacted in I.C. § 36-8-11-22, the City contends in its Complaint that the "property tax revenues derived from [the Annexed Territories] should have been and should now and in the future be directed to the City, specifically to the FWFD and Fire Pension funds." (Appellant's App. Vol. II, p. 25). Annexation is an essentially legislative function. *Bradley v. City of New Castle*, 764 N.E.2d 212, 215 (Ind. 2002). It is subject to judicial review only as provided by statute, and "[t]he larger object of the annexation statute is, as it always has been, to permit annexation of adjacent urban territory." *Id*. Indiana Code section 36-8-11-22 provides:

> Any area that is part of a fire protection district and is annexed by a municipality that is not part of the district ceases to be a part of the fire protection district when the municipality begins to provide fire protection services to the area.

Focusing on that part of the statute stating "ceases to be a part of," the City maintains that because it is now providing fire protection services to the Annexed Territories, these Annexed Territories ceased to be part of SWFD, and therefore, the corresponding tax assessments for fire protection services should be allocated to the City.

[14] In response, the Auditor advocates for the application of Indiana's tax laws—specifically I.C. §§ 33-26-3-1; -2(1), the general statute conferring limited jurisdiction on the tax court—as they view the case of one involving the distribution of tax revenues. Extending the Auditor's argument, SWFD maintains that where one government entity seeks to increase its share of tax revenue, the case arises under the tax laws of Indiana. In support of its assertion, SWFD relies on *Wayne Twp. v. Ind. Dept. Of Local Government Finance*, 865 N.E.2d 625, 628 (Ind. Ct. App. 2007), in which we determined that the tax court had exclusive jurisdiction because the case "principally involve[d] Wayne Township's attempt to collect a tax, namely what it believes to be its fair share of Marion County's Option Income Tax based on its claim that the DLGF inaccurately calculated Wayne Township's maximum permissible property tax levy."

[15] Based on the specific facts before us, we determine that the present case is an annexation case and requires no consideration of substantive tax law. The parties do not dispute the tax assessments and do not request a change in tax levies, nor are the parties attempting to collect a tax. No calculation to determine a specific tax assessment must be made, and no interpretation of tax

laws is required. Rather, the City's dispute merely centers on the intended recipient of taxes already assessed and collected, pursuant to I.C. § 36-8-11-22. This is not "quintessentially [a] tax matter." *Zoeller*, 946 N.E.2d at 1153.

[16] Although annexation inevitably affects the allocation of tax revenue among units of government within the annexed area, it does not automatically follow that an action for a declaratory judgment with respect to an annexation statute arises under Indiana tax law and involves a dispute as to the interpretation of a tax law. *See Zoeller*, 946 N.E.2d 1155 ("Every case that this [c]ourt has held arises under Indiana tax law has involved a dispute as to the interpretation or application of a tax law."). Here, there is no tax law that needs interpreted or applied for the trial court to declare whether the City is entitled to property tax revenue derived from the Annexed Territories. A trial court is not ousted of its jurisdiction to interpret I.C. § 36-8-11-22, an annexation statute, merely because the Auditor and the DLGF have exclusive responsibility for calculating the allocation of tax revenue within the Annexed Territories.[4] Accordingly, we conclude that the trial court has subject matter jurisdiction over this dispute. We reverse the trial court's Order and remand for further proceedings.

---

[4] One of the primary---and often repeated—arguments by the Auditor and SWFD at the oral argument posits that because the City's claim revolves around tax levies or tax rates, the City should have brought its claim first before the DLGF and pursued an administrative review of the dispute in accordance with I.C. §§ 6-1.1-17-5; -6; and -15, with an appeal to the tax court. It is clear that the City could have taken that route, and may still pursue that course if the Auditor and/or DLGF fail to comply with the declaratory judgment. But the statutory path beginning with the Auditor, followed by the DLGF, and ultimately the tax court does not deprive the trial court of jurisdiction to interpret the annexation statute. *See* Ind. Trial Rule 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.")

# CONCLUSION

Based on the foregoing, we conclude that the trial court has subject matter jurisdiction to decide the City's request for declaratory judgment.

Reversed and remanded.

Najam, J. and Bradford, J. concur