

ATTORNEYS FOR APPELLANT

Leanna Weissmann
Tony Walker
The Walker Law Group, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
INDIANA DEPARTMENT OF
LOCAL GOVERNMENT FINANCE

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
TOWN OF GRIFFITH,
INDIANA

Joseph C. Chapelle
Barnes & Thornburg LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kimberly K. Robinson, in her
official capacity as Trustee of
Calumet Township, Indiana, and
as a resident and taxpayer of
Calumet Township,

*Appellant-Plaintiff,*

v.

Indiana Department of Local
Government Finance and Town

April 9, 2018

Court of Appeals Case No.
45A03-1707-PL-1643

Interlocutory Appeal from the
Lake Superior Court

The Honorable John R. Pera,
Judge

Trial Court Cause No.
45D10-1611-PL-113

of Griffith, Indiana,

*Appellees-Defendants*

**Crone, Judge.**

# Case Summary

Kimberly K. Robinson, in her official capacity as Trustee of Calumet Township, Indiana, and as a resident and taxpayer of Calumet Township ("the Trustee"), brings this discretionary interlocutory appeal from the trial court's order transferring this case to the Indiana Tax Court based upon the trial court's conclusion that the Tax Court has exclusive subject matter jurisdiction. Specifically, the Trustee filed a complaint for declaratory judgment and injunctive relief against the Indiana Department of Local Government Finance ("the DLGF") and the Town of Griffith ("the Town") in the Lake Superior Court in an effort to prevent the Town from seceding from Calumet Township. Because the Town's secession eligibility was based upon the DLGF's calculation of the statewide average township assistance property tax rate, the Trustee challenged the DLGF's method for calculating the tax rate and its failure to follow administrative rulemaking procedures. The DLGF moved to dismiss the case arguing that the trial court lacks subject matter jurisdiction over

this matter and that the Tax Court has exclusive subject matter jurisdiction. Determining that this case "arises under" the tax laws, the trial court concluded that it lacks subject matter jurisdiction and that the Indiana Tax Court has exclusive jurisdiction. Therefore, the trial court ordered the case transferred to the Tax Court.

[2] We conclude that the trial court indeed lacks subject matter jurisdiction, but we express no opinion as to whether the Tax Court has acquired exclusive jurisdiction at this procedural juncture. We further conclude that neither this Court nor the trial court has authority to transfer this case to the Tax Court. Accordingly, we affirm in part, reverse in part, and remand to the trial court with instructions to dismiss this case.

## Facts and Procedural History

[3] In 2013, the legislature enacted Indiana Code Chapter 36-1-1.5 which allows for the territory of an "eligible municipality" to be transferred to an adjacent township. An "eligible municipality" means a municipality located in a township that has a township assistance property tax rate that is twelve times higher than the statewide average township assistance property tax rate as determined by the DLGF. Ind. Code § 36-1-1.5-2.[1] In 2015, the DLGF issued its first calculation of the statewide average township assistance property tax

---

[1] According to the Trustee's complaint, this law was passed for the purpose of taking "aim at Calumet Township at the behest of the Town of Griffith." Appellant's App. Vol. 2 at 16.

rate using a "weighted average" method. Appellant's App. Vol. 2 at 16.[2] Under this formula, the statewide total township assistance levy for the year is divided by the statewide total net assessed value upon which the township assistance levies were assessed in that year. After the DLGF released its calculation, the Town sought transfer out of Calumet Township. The DLGF informed the Town that it was not eligible based upon the weighted average calculation.

[4] In February 2016, the Attorney General of Indiana issued an advisory opinion that the Legislature likely intended that an "arithmetic mean" formula be used to calculate the statewide average township assistance property tax rate. *Id*. at 78. This formula uses the sum of the tax rates imposed by all Indiana townships using an assistance levy, divided by the total number of those townships. In September 2016, the DLGF announced that it would calculate the statewide average township assistance property tax rate for 2016 using the arithmetic mean formula consistent with the Attorney General's opinion. Because the Town believed that it was eligible for transfer based on the arithmetic mean calculation, the Town requested that the Lake County Election Board hold a special election to vote on the Town's transfer out of Calumet Township. The Lake County Election Board granted the Town's request for a special election.

---

[2] Although this law took effect July 1, 2013, "a secession action could not be brought until 2015 at the earliest." Appellant's App. Vol. 2 at 16.

In an effort to halt the process and to prevent the Town from transferring from Calumet Township, the Trustee filed a complaint for declaratory judgment and injunctive relief against the DLGF and the Town in the Lake Superior Court. The Trustee challenged the DLGF's method for calculating the statewide average township assistance property tax rate and its failure to follow administrative rulemaking procedures in choosing its calculation method. The DLGF moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the Indiana Tax Court has exclusive subject matter jurisdiction. The trial court subsequently issued an order concluding that it lacks subject matter jurisdiction and transferred the case to the Tax Court. Upon the Trustee's motion, the trial court certified its order for interlocutory appeal, and we accepted appellate jurisdiction.

## Discussion and Decision

The sole issue we address in this appeal is whether the Lake Superior Court has subject matter jurisdiction over the present dispute. Subject matter jurisdiction exists when the Indiana Constitution or a statute grants the court the power to hear and decide cases of the general class to which any particular proceeding belongs. *Lorenz v. Anonymous Physician #1*, 51 N.E.3d 391, 396 (Ind. Ct. App. 2016). Therefore, a motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Curry v. D.A.L.L. Anointed, Inc.*, 966 N.E.2d 91, 95 (Ind. Ct. App. 2012), *trans. denied.* "Our standard of review for a trial court's grant or denial of a motion to dismiss for lack of subject matter jurisdiction is a function of what occurred in the trial

court." *Berry v. Crawford*, 990 N.E.2d 410, 414 (Ind. 2013). Where, as here, the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law and we review the trial court's ruling de novo. *Id.*

[7] All standard superior courts have "original and concurrent jurisdiction in all civil cases and in all criminal cases[.]" Ind. Code § 33-29-1-1.5(1). However, in 1986, the legislature created the Indiana Tax Court to channel tax disputes into a single specialized tribunal, thereby ensuring the uniform interpretation and application of the tax laws. *State ex. rel. Ind. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1247 (Ind. 2005), *cert. denied*. The legislature intended that all challenges to the tax laws—regardless of the legal theory relied on—be tried in the Tax Court. *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996). Accordingly, the Tax Court is a court of limited jurisdiction that has exclusive subject matter jurisdiction over "original tax appeals" which include "any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" of a relevant agency. Ind. Code § § 33-26-3-1, -3. Thus, there are two statutory prerequisites to the Tax Court having exclusive subject matter jurisdiction. *State ex rel. Zoeller v. Aisin USA Mfg., Inc.*, 946 N.E.2d 1148, 1152 (Ind. 2011). First, the case must "arise under" the tax laws, and second, there must be a "final determination" by a relevant agency. *Id.* If the Tax Court has subject matter jurisdiction over a case, a trial court does not. *Id.*

[8] As for the first statutory prerequisite to the exclusive jurisdiction of the Tax Court, a case "arises under" the tax laws if: (1) an Indiana tax statute creates a right of action; or (2) the case principally involves collection of a tax or defenses

to that collection. *Sproles*, 672 N.E.2d at 1357. Our supreme court has interpreted the "arises under" language broadly to include "any case challenging the collection of a tax or assessment … whether the challenge is premised on constitutional, statutory, or other grounds." *Aisin*, 946 N.E.2d at 1153. Moreover, "the challenge need not be to the collection directly— challenges to the earlier steps in the taxation or assessment process arise under the tax laws." *Id*.

[9] Other panels of this Court had occasion to consider the "arises under" concept in *Wayne Township v. Indiana Department of Local Government Finance*, 865 N.E.2d 625 (Ind. Ct. App. 2007)*, clarified on rehearing*, 869 N.E.2d 531, *trans. denied*, and *City of Fort Wayne v. Southwest Allen County Fire Protection District*, 82 N.E.3d 299 (Ind. Ct. App. 2017), *trans. denied* (2018). In *Wayne Township*, we sua sponte addressed the Hamilton Superior Court's jurisdiction over the Township's lawsuit against the DLGF and the Marion County Auditor challenging the DLGF's calculation of the Township's maximum permissible property tax levy. 865 N.E.2d at 627.[3] The Township challenged the DLGF's calculation because it effectively reduced the amount of tax revenues the Township would receive from Marion County's county option income tax ("COIT"). *Id.* Although noting that the case was unique in that it involved "warring governmental entities rather than a taxpayer versus the government,"

---

[3] The petitioner in *Wayne Township* originally filed its lawsuit in the Tax Court. The Tax Court transferred the case to the Marion Superior Court pursuant to the parties' stipulation. The case was again transferred pursuant to the parties' stipulation to the Hamilton Superior Court. It is well settled that parties cannot confer subject matter on a court by consent or agreement. *Wayne Twp.*, 865 N.E.2d at 627.

we concluded that the case certainly arose under the tax laws of this state because it "principally involve[d]" the Township's attempt to collect a tax, namely what it believed to be its fair share of Marion County's COIT, based on its assertion that the DLGF inaccurately calculated the Township's maximum permissible property tax levy. *Id* at 628. Thus, we concluded that the trial court lacked subject matter jurisdiction. *Id*.[4]

[10] In contrast, in *City of Fort Wayne*, we concluded that the Allen Superior Court did have subject matter jurisdiction over an annexation dispute even though the allocation of tax revenues was at issue. 82 N.E.3d at 304. Specifically, the City filed a complaint seeking a declaration that it was entitled to receive property tax revenues relating to fire protection services from certain annexed territories. We emphasized that, unlike in *Wayne Township*, the parties did not dispute any tax assessment, did not request a change in tax levies, and were not attempting to collect a tax. *Id*. Indeed, "[n]o calculation to determine a specific tax assessment [needed to] be made, and no interpretation of tax laws [was] required." *Id*. Rather, the City's dispute merely centered on the intended recipient of taxes already assessed and collected and thus it was not "quintessentially [a] tax matter." *Id*. (citing *Aisin*, 946 N.E.2d at 1153).

---

[4] In addition to concluding that the trial court lacked subject matter jurisdiction, we concluded that the Tax Court had exclusive jurisdiction and ordered the case transferred to the Tax Court. As we will discuss more fully below, we clarified on rehearing that whether the DLGF's certification of the Township's maximum permissible property tax levy for purposes of the COIT distribution constituted a "final determination" for purposes of the Tax Court's jurisdiction remained at issue, and we did not have authority to transfer the case to the Tax Court and mandate that it consider the merits. *Wayne Twp.*, 869 N.E.2d at 533.

[11]     The present facts are similar to *Wayne Township* and dissimilar to *City of Fort Wayne*. Based on the circumstances presented, we find the "arises under" test "relatively straightforward and easy to apply" here. *Aisin*, 946 N.E.2d at 1153. This case "principally involves" a collection of a tax or assessment, in that Calumet Township challenges the DLGF's calculation method for determining the statewide average township assistance property tax rate. The calculation of this rate unquestionably involves substantive tax laws and greatly affects each township's budgetary processes.[5] *See, e.g.*, Ind. Code §§ 6-1.1-17-3, 6-1.1-20.3-6.7. The propriety of the DLGF's tax rate calculation method is at the core of this case, as it is crucial to the determination of the Town's eligibility to transfer from Calumet Township and avoid paying its share of the township assistance tax. Although not a direct challenge to a tax collection, this case clearly revolves around an earlier step in the taxation or assessment process. We disagree with the Trustee that her legal theory that the DLGF violated administrative rulemaking procedures in choosing its calculation method brings this case within the trial court's subject matter jurisdiction. Rather, this case squarely involves interpretation and application of substantive tax law by a state agency charged with implementing that law and, as such, "arises under" the tax laws of this state.

---

[5] The Trustee's complaint makes clear that Calumet Township intentionally crafted a budget that would keep the township assistance property tax rate less than twelve times the statewide average based on a weighted average calculation method. Appellant's App. at 17.

[12] Having concluded that the present matter arises under the tax laws, we turn to the second statutory prerequisite to the Tax Court's exclusive jurisdiction, namely that there be a "final determination" by a relevant agency such as the DLGF.[6] For purposes of Tax Court jurisdiction, a final determination is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process. *State Bd. of Tax Com'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 481 (Ind. 2003). This is a basic principle of administrative law that a party is required to exhaust its administrative remedies before an agency prior to obtaining judicial review. *Id*. The lack of a "final determination" by a tax-related agency, which is equivalent to a failure to exhaust administrative remedies, deprives the Tax Court of subject matter jurisdiction. *Wayne Twp.*, 865 N.E.2d at 628. Moreover, a party cannot circumvent the "final determination" requirement basis for the Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court instead of with the relevant administrative agency. *Marion Cty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 445 (Ind. Ct. App. 2008), *trans. denied* (2009).

[13] Based on the limited record before us, we are unable to determine whether the Trustee has exhausted her administrative remedies and obtained a "final determination" by the DLGF to confer subject matter jurisdiction on the Tax Court. So, what does this mean for the Lake Superior Court and its order

---

[6] The DLGF is "a relevant agency whose 'final determinations'" are within the exclusive subject matter jurisdiction of the Tax Court. *Wayne Twp.*, 865 N.E.2d at 629; *see* Ind. Tax Court Rule 3(C).

transferring this case to the Tax Court? As we clarified on rehearing in *Wayne Township*, "whether or not there is a 'final determination' here by the DLGF, this case does not belong in a court of general jurisdiction. It might not belong in the Tax Court, either, if there is not a 'final determination.'" 869 N.E.2d at 533. We concluded that we lacked authority to transfer the case to the Tax Court and effectively mandate that it consider the merits, but noted that the Tax Court, "with its greater expertise," was best suited to determine if the DLGF's decision constituted an appealable final determination. *Id.* We will follow that logic here as well.

[14] In sum, we agree with the Lake Superior Court's conclusion that it lacks subject matter jurisdiction. We express no opinion as to whether the Trustee has exhausted her administrative remedies such that the Tax Court has acquired jurisdiction at this procedural juncture. As neither the trial court nor this Court has the authority to transfer this case and mandate that the Tax Court consider the merits, we simply direct that the action in the trial court be dismissed for lack of subject matter jurisdiction. Accordingly, we affirm that part of the trial court's order determining that it lacks subject matter jurisdiction, reverse that part of the order transferring this case to the Tax Court, and remand to the trial court with instructions to dismiss the case.

Affirmed in part, reversed in part, and remanded.

Bailey, J., and Brown, J., concur.